# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TOBART H. SCHINDELBECK,<br><br>   Plaintiff,<br>vs.<br><br>JOHN W. BRUMBAUGH,<br><br>   Defendant. | Case No. 2:17-cv-00420-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending before the Court is Defendant's Motion to Dismiss (Dkt. 5). The parties have filed responsive briefing and the motion is now ripe for the Court's consideration.

Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion shall be decided on the record before this Court without oral argument.

As explained more full below, the Court grants the Motion in part and denies it in part. The Court strikes the punitive damages claim and directs Plaintiff to file an amended complaint consistent with this decision.

MEMORANDUM DECISION AND ORDER-1

## BACKGROUND

On October 10, 2017, Plaintiff, Tobart H. Schindelbeck, filed a Complaint against Defendant, John W. Brumbaugh, in federal district court. (Dkt. 1). Plaintiff alleges that he is a citizen of Idaho and Defendant is a citizen of either Washington or California. (Dkt. 1, ¶¶ 10-11.) Plaintiff further alleges that Defendant retained him pursuant to a Consulting Agreement in an effort to open national-brand supplements retail store in Spokane, Washington. (Dkt. 1, ¶¶ 2, 17.) Plaintiff's claims against Defendant include: (1) breach of contract; (2) fraud; (3) defamation; and (4) conversion. (Dkt. 1.) Plaintiff seeks injunctive and equitable relief; (2) compensatory damages; and (3) punitive damages. (*Id.*)

The parties do not dispute that Plaintiff's contract and tort claims arise from or otherwise relate to the parties' Consulting Agreement, which contains a choice-of-law and forum-selection clause. "Governing Law. This AGREEMENT shall be governed by and construed in accordance with the laws of Idaho and each of the parties hereto agree[s] irrevocably to conform to the jurisdiction of the Idaho Courts." (Dkt. 1-1.)

On November 28, 2017, Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3) and Idaho Code Section 6-1604(2). (Dkt. 5.) Defendant seeks to dismiss the Complaint based on the forum-selection clause in the parties' Contract and also because it includes a premature request for punitive damages. (Dkt. 5-1.)

## ANALYSIS

As a preliminary matter, a motion to dismiss under Rule 12(b)(3) is the proper means for enforcing a contractual forum selection clause. *Argueta v. Banco Mexicano,*

MEMORANDUM DECISION AND ORDER-2

*F.A.*, 87 F.3d 320, 324 (9th Cir. 1996). Unlike a motion to dismiss for failure to state a viable claim under Rule 12(b)(6), on a motion for improper venue under Rule 12(b)(3), the Court may consider supplemental written materials and consider facts outside the pleadings to resolve the motion. *Id.*; *Murphy v. Scheider Nat'l, Inc.,* 362 F.3d 1133, 1137 (9th Cir. 2004)). If the Court determines that venue is improper, it may dismiss the case, or, if the interests of justice so require, the Court may transfer the case to any district in which it properly could have been brought. 28 U.S.C. § 1406(a); *Dist. No. 1, Pac. Coast Dist., M.E.B.A. v. Alaska*, 682 F.2d 797, 799 (9th Cir. 1982).

1.   **Venue is Appropriate in the Idaho Federal District Court.**

The parties dispute whether the choice of venue provision in the Consulting Agreement requires the case be filed in Idaho state court. The provision states that "each of the parties hereto agree[s] irrevocably to conform to the jurisdiction of the Idaho Courts." (Dkt. 1-1.) The issue is whether "Idaho Courts" refers only to the state courts in Idaho or if it includes both the federal and state courts in Idaho.

"The primary aim in interpretation of all contracts is to ascertain the mutual intent of the parties at the time the contract was made." *Opportunity, L.L.C. v. Osserwarde*, 136 Idaho 602, 607, 38 P.3d 1258, 1263 (2002). "In determining the intent of the parties, the Court must view the contract as a whole." *Bakker v. Thunder Spring-Wareham, LLC*, 141 Idaho 185, 190, 108 P.3d 332, 337 (2004).

When the contract is unambiguous, the intent of the parties can be ascertained from the language of the agreement. *Opportunity, L.L.C.*, 136 Idaho at 607, 38 P.3d at 1263. ("If possible, the intent of the parties should be ascertained from the language of the agreement

MEMORANDUM DECISION AND ORDER-3

as the best indication of their intent.") A contract is ambiguous if the intent of the parties cannot be ascertained from the language of the agreement and "intent becomes a question of fact to be determined in light of extrinsic evidence." *Id.* "Whether a contract is ambiguous or unambiguous is a question of law." *Pocatello Hosp., LLC v. Quail Ridge Medical Investor, LLC*, 156 Idaho 709, 720, 330 P.3d 1067, 1078 (2014).

The Consulting Agreement is unambiguous. The term "Idaho Courts" is not defined in the contract at issue and is broad enough to include both state and federal courts. Had the parties intended to limit the reach of the provision, they could have done so clearly by inserting the term "state" somewhere in the choice of venue provision. As it stands, however, the term is broad and there is no other indication from the four corners of the agreement that the parties intended to limit jurisdiction to the state courts of Idaho.

**2.  The Request for Punitive Damages is Premature and Must Be Stricken**

Under Idaho law, "no claim for damages shall be filed containing a prayer for relief seeking punitive damages." I.C. §6-1604(2). Instead, "a party may, pursuant to a pretrial motion and after hearing before the court, amend the pleadings to include a prayer for relief seeking punitive damages.' *Id.*

Plaintiff erred by including a premature claim for punitive damages in the Complaint. Accordingly, this request for relief must be stricken. This does not constitute cause to dismiss the Complaint in its entirety. Rather, Plaintiff is instructed to file an Amended Complaint without the punitive damages claim.

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Dkt. 5) is **GRANTED IN PART AND DENIED IN PART** as stated herein.

DATED: April 5, 2018

Edward J. Lodge
United States District Judge